IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JOSE ROLANDO ULLOA CAMPOS,        )
                                          )
      Petitioner,                   )
                                          )
      v.                         )      1:26-cv-00208 (RDA/IDD)
                                          )
KRISTI NOEM, *et al.*,             )
                                          )
      Respondents.                 )
                                          )

## ORDER

This matter comes before the Court on Petitioner's Motion for Order to Show Cause (the "Motion"). Dkt. 7. On January 26, 2026, this Court granted the Petitioner's Petition for Writ of Habeas Corpus, ordered the Federal Respondents to hold a bond hearing for the Petitioner within seven (7) days, and enjoined the Federal Respondents from denying the Petitioner bond on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2). Dkt. 5. On January 27, 2026, a virtual bond hearing took place. Dkt. 7 at 2.

On February 20, 2026, Petitioner's counsel filed a Motion for Order to Show Cause, which argues that the Immigration Judge failed to provide a constitutionally adequate bond hearing. *Id.* On February 27, 2026, Respondents filed their Opposition, including the audio recording of the immigration hearing as well as a report regarding Petitioner's arrest. Dkts. 12, 12-1. Petitioner then filed a Reply. Dkt. 13. Accordingly, this matter is now ripe for disposition.

As an initial matter, the Court notes that, although the Court has the authority to review whether the factors the Immigration Judge considered in his bond determinations are constitutionally compliant, *Mejia Orozco v. Lyons, et al.*, No. 1:25-cv-1762-AJT-WEF, Dkt. 20 at 7 (E.D. Va.) (ordering the federal respondents to either release the petitioner or to conduct an

individualized bond hearing consistent with the Order), the Court does not have jurisdiction to review the substantive merits of the Immigration Judge's bond determination, *see* 8 U.S.C. §§ 1225(b)(2); 1226(e). Accordingly, to the extent Petitioner argues that the Immigration Judge should have weighed the evidence and argument differently, this Court lacks jurisdiction. But the Court may assess whether the Immigration Judge provided an individualized, constitutionally compliant bond hearing. The Court finds that the Immigration Judge did so and, accordingly, will deny the Motion.

Upon listening to the recording of the bond hearing, it appears that the Immigration Judge made an individualized determination that Petitioner had not established that he was not a flight risk upon consideration of constitutionally compliant factors. The Immigration Judge asked questions of counsel and considered relevant information, including: (i) that Petitioner had illegally entered the United States three times; (ii) that, although Petitioner claimed to have had Temporary Protected Status ("TPS"), there was no evidence in the record supporting that or the length of time; (iii) that, although Petitioner claimed to have paid taxes, there was no evidence in the record to support it; (iv) the fact that Petitioner had worked without authorization; and (v) the fact that Petitioner's requests for relief from removal and for status within the United States appeared unlikely to succeed. Dkt. 12-1; *see Miranda v. Garland*, 34 F.4th 338, 362 (4th Cir. 2022) ("In addition, immigration judges and the Board have the guidance of a list of factors outlined in the agency's decision in *In re Guerra* to utilize in determining whether bond is warranted and under what conditions. These factors provide a non-exhaustive, but flexible menu of considerations relevant to detention decisions. Despite Espinoza's complaints, these procedures provide substantial process."). In addition to the consideration of these factors demonstrating an individualized determination, the Immigration Judge specifically invited Petitioner to file a motion

to reconsider should Petitioner locate evidence supporting his claim of TPS status or demonstrating that he paid his taxes. Dkt. 12-1.

Petitioner's arguments all relate to how the Immigration Judge weighed the individualized factors that the Immigration Judge considered. The audio of the hearing demonstrates that the Immigration Judge offered Petitioner a particularized hearing in which the Immigration Judge was engaged, asked questions, and considered the arguments of counsel. Petitioner's arguments seek to have this Court reweigh and rebalance the findings of the Immigration Judge, which the Court cannot do. *See Hatami v. Chertoff*, 467 F. Supp. 2d 637, 641 (E.D. Va. 2006) ("Congress left no room for doubt that federal district courts have no jurisdiction to review the Attorney General's discretionary decision to deny bond."). Moreover, Petitioner's citations to authority form the Board of Immigration Appeals ("BIA") further supports that Petitioner's arguments are more properly considered on appeal, where the BIA and Fourth Circuit can consider whether the Immigration Judge appropriately weighed the factors considered, and are not appropriate for habeas review, where the Court lacks jurisdiction to reweigh the factors considered. *See, e.g.*, Dkt. 7 at 6 (arguing "[n]one of the BIA decisions addressing risk of flight have ever held that these two factors could somehow outweigh or be more probative of flight risk than those that have already been established in case law").

Accordingly, it is hereby ORDERED that the Motion for Order to Show Cause (Dkt. 7) is DENIED.

The Clerk is directed to provide a copy of this Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
March 11 , 2026

_____ /s/
Rossie D. Alston, Jr.
United States District Judge

3